**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS J. BROCKINGTON,          :
                                :   Civil Action No. 11-6429 (JAP)
                                :
          Plaintiff,            :
                                :
     v.                         :   **OPINION**
                                :
DETECTIVE ANDREW SPANO,         :
et al.,                         :
                                :
          Defendants.           :


**APPEARANCES:**

   THOMAS J. BROCKINGTON, Plaintiff pro se
   SBI #842973A
   Southern State Correctional Facility
   4295 Rt. 47
   Delmont, New Jersey 08314

**PISANO**, District Judge

   Plaintiff, Thomas J. Brockington, a state inmate confined at the Southern State Correctional Facility, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. On May 24, 2012, this Court entered an Order administratively terminating this case because Plaintiff had failed to pay the requisite filing fee or submit a complete *in forma* pauperis application with his six-month institutional account certified by a prison official at the prison where

Plaintiff was then confined. (*See* Docket entry no. 2.) The May 24, 2012 Order allowed Plaintiff to re-open his case if he submitted a complete *in forma pauperis* application or paid the filing fee. (*Id.*) On June 21, 2012, Plaintiff submitted a complete *in forma pauperis* application with a letter asking that his action be re-opened. (*See* Docket entry nos. 3, 4.) Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1998) and order the Clerk of the Court to re-open this case and file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

I. BACKGROUND

Plaintiff, Thomas J. Brockington ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against Detective Andrew Spano; Detective Davie Dehler; Robert J. Rosenthal, Esq.; Jill G. Viggiano, Esq.; and Beata Andrezejczak. (Complaint, Caption, ¶ 6.) The following factual allegations are taken from

2

the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on or about February 10, 2008, Detective Spano filed a false complaint against Plaintiff, and arrested Plaintiff based on a composite sketch allegedly made after Plaintiff's apprehension by Spano.  Plaintiff further alleges that Defendants Spano and Dehler conducted a suggestive identification with witness, Defendant Andrezejczak, who allegedly changed her prior description of her assailant and robber on February 9, 2008, to fit Plaintiff.  Plaintiff alleges that Andrezejczak made "a false police report of a crime that never happen[ed.]"  (Compl., ¶ 6.)

Plaintiff further alleges that Spano filed a false supplemental report on March 19, 2008, to support his reckless and false arrest of Plaintiff, knowing that Plaintiff did not fit the original description of the robber given by Andrezejczak.  (*Id.*)

Plaintiff also alleges that the prosecutors for the State, Defendants Viggiano and Rosenthal, "purposely covered up the police misconduct by keeping the arresting officer off the witness stand and hiding the dispatch records."  (*Id.*)

3

Plaintiff seeks $10 million in damages for emotional distress and post-traumatic stress disorder, asserting claims of false arrest, false imprisonment, malicious prosecution, and racial profiling. (Compl., ¶ 7.)

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a [party] has acted unlawfully." *Iqbal*, 556 U.S. at 678. Notably, the court is not required to accept "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In other words, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 2012 WL 4335958, *8 (3d Cir. Sept. 24, 2012)(allegations that are no more than conclusions are not entitled to the assumption of truth; a court should "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'")(quoting, *Iqbal*, 556 U.S. at 679).

The Third Circuit recently cautioned, however, that *Twombly* and *Iqbal* "do not provide a panacea for defendants," rather, "they merely require that plaintiff raise a 'plausible claim for relief.'" *Covington v. International Association of Approved Basketball Officials*, ___ F.3d ___, 2013 WL 979067, *2 (3d Cir. March 14, 2013)(quoting *Iqbal*, 556 U.S. at 679). Thus, factual allegations must be more than speculative, but the pleading

5

standard "is not akin to a 'probability requirement.'" *Covington, supra* (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556). Finally, in determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

III. <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). *See also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

This Complaint will be dismissed with prejudice, in its entirety, as against Defendant Beata Andrezejczak, for failure to state a claim, because Defendant is not, and was not at the time of the incident, a person acting under color of state law. The Complaint fails to allege any facts to show that this Defendant was a state actor, and indeed, the allegations plainly show that Defendant was the victim and witness of the crime for which Plaintiff was arrested.

IV. <u>DISCUSSION</u>

A. <u>False Arrest and False Imprisonment Claim</u>

Plaintiff first asserts claims of false arrest and imprisonment stemming from his February 10, 2008 detention by the police. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."[1]  *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d

---

[1] A claim for false imprisonment arises where a person is arrested without probable cause and subsequently detained pursuant to that unlawful arrest. *Adams v. Selhorst*, 449 Fed. Appx. 198, 201 (3d Cir. 2011)(quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). *See also Wallace v. Kato*, 549 U.S. 384, 389 (2007)(to state a claim for false imprisonment, plaintiff must show that (1) he was detained; and (2) the detention was unlawful); *O'Connor v. City of Philadelphia*, 233 Fed. Appx. 161, 164 (3d Cir. 2007); *and see Wildoner v. Borough of Ramsey*, 162 N.J. 375, 389 (N.J. 2000)(recognizing the existence of probable cause as a complete defense to false imprisonment).

7

Cir. 2012); *see also Albright v. Oliver*, 510 U.S. 266, 274-75 (1994); *Ferry v. Barry*, No. 12-009, 2012 WL 4339454, at *5 (D.N.J. Sept. 19, 2012). Probable cause is an "absolute defense to ... false arrest, false imprisonment and § 1983 claims." *Wildoner v. Borough of Ramsey*, 162 N.J. 375, 744 A.2d 1146 (2000). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000)(internal quotation marks and citations omitted); *accord Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 137 n. 16 (3d Cir. 2010); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly

---

Notably, the period of false arrest and imprisonment is very short: a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest, refers only to the period of incarceration lasting from the moment of arrest until the first legal action, e.g., an arraignment. *See Groman*, 47 F.3d at 636. Indeed, the Supreme Court explained that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter," *Wallace*, 549 U.S. at 388, and the damages recoverable under such claims are limited to those ensuing from the period of detention until the first legal action. *See Connelly v. Wren*, 2013 WL 74233, *4 (D.N.J. Jan. 4, 2013).

8

lower burden than proving guilt at trial. *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005).

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998); *Rose v. Bartle*, 871 F.2d 331, 348-51 (3d Cir. 1989). An arrestee can file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is "bound over by a magistrate or arraigned on criminal charges." *Wallace v. Kato*, 549 U.S. 384, 388-90 (2007).

Federal courts look to state law to determine the limitations period for § 1983 actions. *See Wallace*, 549 U.S. at 387-88. A complaint pursuant to § 1983 is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)); *see also Wallace, supra; Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. *See Dique*, 603 F.3d at 185; *see also N.J. Stat.*

9

*Ann.* § 2A:14-2. Accordingly, Plaintiff's § 1983 claims are subject to this two-year period.

While state law governs the applicable statute of limitations, federal law controls when a § 1983 claim accrues. *Wallace,* 549 at 388. Accrual occurs "when the plaintiff has a complete and present cause of action." *Id.* (citations omitted) (internal quotation marks omitted). Here, the limitations period for Plaintiff's false arrest and imprisonment claims began when he became "detained pursuant to legal process." *Id.* at 397; *see also Dique*, 603 F.3d at 185-86; *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). The Complaint alleges that Plaintiff was arrested on February 10, 2008, but it does not state the date of his arraignment on his state criminal charges. Accordingly, although it appears that Plaintiff's action for false arrest and imprisonment may have accrued in February 2008, and would thus be time-barred because Plaintiff did not file this Complaint until November 2, 2011, the Court is disinclined to dismiss these claims as untimely because without the date of arraignment, the Court cannot be certain as to when Plaintiff's false arrest and false imprisonment claims actually accrued for statute of limitation purposes.

Nevertheless, these claims are subject to dismissal for lack of merit because Plaintiff has not demonstrated that

probable cause was lacking during arrest. "Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149 (1972). "[T]he evidentiary standard for probable cause is significantly lower than the standard which is required for conviction." *Wright*, 409 F.3d at 602. "[T]he kinds and degree of proof and the procedural requirements necessary for a conviction are not prerequisites to a valid arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) (citations omitted); *see also Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000)(holding that probable cause only requires a "fair probability" that a person committed the relevant crime). "In other words, the constitutional validity of the arrest does not depend on whether the suspect actually committed any crime." *Wright*, 409 F.3d at 602. *See also Fiore v. City of Bethlehem*, 2013 WL 203410 (3d Cir. Jan.18, 2013)(rejecting claim that "later dismissal of the charges against [plaintiff] due to insufficient evidence equates to a determination that no probable cause existed for his arrest," since "probable cause does not require the same type of specific evidence as would be needed to support a conviction")(citations and internal quotation marks omitted).

11

Although the question of probable cause is generally a question for the jury, a district court may conclude summarily "that probable cause exists as a matter of law if the evidence, when viewed in the light most favorable to the plaintiff, reasonably would not support a contrary factual finding." *Merkle*, 211 F.3d at 788-789 (internal quotation marks and citation omitted).

In this case, Plaintiff acknowledges that he was arrested pursuant to a witness/victim complaint and composite sketch, and a witness/victim identification.[2] The Court finds that the

---

[2] This Court takes judicial notice of *State v. Brockington*, 2012 WL 254241 (N.J.Super. A.D. Jan. 30, 2012), the unreported decision of the Superior Court of New Jersey, Appellate Division on Plaintiff's direct appeal from his conviction on the charges that are the subject of Plaintiff's false arrest and imprisonment and malicious prosecution claims herein. The Appellate Division recited pertinent facts relating to the events leading up to Plaintiff's arrest on February 10, 2008, as follows:

> On the morning of February 10, Andrezejczak went to the Linden Police Department and had a sketch artist draw a sketch of her assailant. She returned that evening, where she was shown a photo array by Detective David Dehler. After the detective read her the photo display instructions, the detective and Andrezejczak signed the instructions. The detective showed each of the six photos in the array individually, through the use of a photo box. Andrezejczak asked to look at photograph number two twice and indicated she was "about 95 percent sure" that was her attacker. The photograph was of defendant, but he was not wearing a hooded sweatshirt. After identifying defendant, Andrezejczak saw a second photograph of him, this time wearing a hooded sweatshirt. Andrezejczak testified she

witness/victim's identification of Plaintiff to police defendants, implicating Plaintiff in the crime, establishes probable cause for Plaintiff's arrest and detention. *See Merkle v. Upper Dublin School District*, 211 F.3d 782, 790 (3d Cir. 2000)(a credible report from a person who witnessed a crime is sufficient to establish probable cause); *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997)(probable cause exists where witness to an alleged crime makes a reliable identification). Therefore, the Court finds that there was probable cause to arrest Plaintiff, and his claim for false arrest and imprisonment will be dismissed with prejudice accordingly.

B. <u>Racial Profiling Claim</u>

Plaintiff next asserts a general claim of racial profiling. To make a Fourteenth Amendment equal protection claim based upon selective enforcement or racial profiling, a plaintiff must show that law enforcement actions: "(1) had a discriminatory effect and (2) were motivated by a discriminatory purpose." *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002). To prove discriminatory effect, a plaintiff must "show that he is a member of a protected class and that he was treated differently

---

was then "definitely 100 percent" sure that defendant was her attacker.

*State v. Brockington*, 2012 WL 254241, *2 (N.J.Super. A.D. Jan. 30, 2012).

13

from similarly situated individuals in an unprotected class." *Id*. at 206. That effect "may be proven by naming similarly situated members of an unprotected class who were not selected for the same [treatment] or, in some cases, by submitting statistical evidence of bias." *Id*. *See also Alvin v. Calabrese*, 455 Fed. Appx. 171, 177 (3d Cir. Dec. 22, 2011); *Suber v. Guinta*, __ F. Supp.2d __, 2013 WL 754694, *13 (E.D.Pa. Feb. 28, 2013).

Here, the Complaint is completely devoid of any factual allegations to support a racial profiling claim. This Court is not required to accept Plaintiff's bare "legal conclusion" or "label", without "sufficient factual matter" to show that the claim is facially plausible. *Iqbal*, 556 U.S. at 678. Moreover, as discussed above, Plaintiff was identified to police by the victim/witness through composite sketch and photo identification procedures based on her physical description of her attacker. Consequently, there is no factual basis on which Plaintiff can establish a racial profiling claim, and this claim of racial profiling will be dismissed with prejudice, for failure to state a claim, accordingly.

C. Prosecutorial Immunity

Plaintiff also alleges a claim of malicious prosecution against the state prosecutor defendants, Robert J. Rosenthal,

14

Esq. and Jill G. Viggiano, Esq. Before considering whether Plaintiff has adequately alleged the elements of a malicious prosecution claim, the Court will address the threshold issue of prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," *id*. at 430–31, including use of false testimony and suppression of evidence favorable to the defense by a police fingerprint expert and investigating officer. Since *Imbler*, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009)(citations omitted). The Court of Appeals for the Third Circuit recently confirmed prosecutorial immunity in § 1983 actions in *LeBlanc v. Stedman*, 483 Fed. Appx. 666 (3d Cir. 2012)(non-precedential).

In this case, Defendants Rosenthal and Viggiano are absolutely immune from a claim of malicious prosecution as alleged by Plaintiff because the alleged acts by these Defendants plainly were taken in exercise of their core functions as prosecutors. *See Rehberg v. Paulk*, ---U.S. ----, ----, 132 S.Ct. 1497, 1504, 182 L.Ed.2d 593 (2012); *Imbler*, 424

15

U.S. at 430-31. That much is obvious from the Complaint. In an excess of caution, however, this Court also reviewed the claims and allegations raised by Plaintiff on direct appeal from his conviction, as set forth in the state Appellate Division decision, *State v. Brockington*, 2012 WL 254241 (N.J.Super. A.D. Jan. 30, 2012), and this Court finds nothing there to alter its conclusion. Therefore, because the misconduct alleged in the Complaint against the prosecutors consists of acts taken in their role as advocates for the state, the § 1983 damages claims against them must be dismissed on grounds of absolute prosecutorial immunity.

D. Malicious Prosecution Claim

Alternatively, even if the prosecutor defendants were not immune from suit, this Court would find that the Complaint fails to state a viable claim of malicious prosecution under § 1983. The elements of the state-law tort of malicious prosecution are incorporated in an analogous federal § 1983 claim. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009)(en banc)(applying the Restatement (Second) of Torts §§ 659, 660 to determine whether a § 1983 malicious prosecution claim was deemed to have terminated in favor of the accused); *see also Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)(same); *Hilfirty v. Shipman*, 91 F.3d 573 (3d Cir. 1996)(same). Thus, to state a § 1983 claim

16

for malicious prosecution, a plaintiff must allege the following essential elements: (1) defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) defendant initiated the criminal proceeding without probable cause; (4) defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) plaintiff suffered deprivation of liberty consistent with a violation of the Fourth Amendment or a violation of another explicit text of the Constitution.  *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d. Cir. 2007)(citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).  *See also McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009)(reciting federal law); *Stolinski v. Pennypacker*, 772 F. Supp.2d 626, 640 (D.N.J. 2011)(reciting New Jersey law).  As to the second critical element, which requires that the criminal proceeding have terminated in favor of the accused, such termination, if accomplished by compromise or agreement, is not considered a favorable termination sufficient to support a malicious prosecution claim.  *Pittman v. Metuchen Police Dept.*, 441 Fed. Appx. 826, 829 (3d Cir. 2011)(holding that withdrawal of criminal charges pursuant to a compromise or agreement does not constitute "favorable termination" required under *Heck* to allow 1983 claims based on lack of probable cause

17

to proceed); *Troso v. City of Atlantic City*, 2013 WL 1314738 (D.N.J. March 28, 2013).

In this case, Plaintiff's malicious prosecution claim fails as a matter of law because he has not alleged that his state criminal proceeding terminated in his favor. In fact, as noted by this Court, *see* this Opinion, at fn. 2, *supra*, Plaintiff was convicted on these charges and his conviction was affirmed on direct appeal. *See State v. Brockington*, 2012 WL 254241 (N.J.Super. A.D. Jan. 30, 2012). Moreover, as stated in the preceding section of this Opinion, Plaintiff has not demonstrated the lack of probable cause for his arrest and initiation of his criminal proceedings. Consequently, he cannot support a claim for malicious prosecution, and the claim will be dismissed for failure to state a claim.[3]

---

[3] This dismissal is without prejudice to Plaintiff filing an amended Complaint should he eventually prevail on a federal habeas claim in the future. It would be futile, however, for Plaintiff to attempt to amend his Complaint unless or until he is successful in a habeas application on this claim. Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, No. 12-2430, 2013 WL 1338986, *5 (3d Cir. April 4, 2013)(collecting cases). *See also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2008). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id*. To avoid confusion, the safer

V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, against Defendant Beata Andrezejczak, because Defendant is not a state actor subject to suit under § 1983.  Further, Plaintiff's false arrest and imprisonment, and racial profiling claims will be dismissed with prejudice, in their entirety, as against all named defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.  However, Plaintiff's claim against the prosecutor defendants alleging malicious prosecution will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1), for failure to state a claim at this time.  An appropriate order follows.


/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: April 26, 2013

---

course is to file an amended complaint that is complete in itself.  *Id*.